```
JOHN P. DESMOND (SBN 176430)
JUSTIN J. BUSTOS (pro hac vice)
DICKINSON WRIGHT PLLC
100 W. Liberty, Suite 940
Reno, Nevada  89501
Tel: 775-343-7505
Fax: 844-670-6009
E-mail:  jdesmond@dickinsonwright.com
E-mail:  jbustos@dickinsonwright.com
```

*Attorneys for Defendant The Huntington National Bank*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Thompson and Mia Nash,<br><br>                              Plaintiffs,<br><br>vs.<br><br>TCF National Bank, The Huntington National Bank, and DOES 1 through 50, inclusive,<br><br>                              Defendants. | Case No.:  2:22-cv-00257-MCE-KJN<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

  It is hereby stipulated by and between Plaintiffs Kevin Thompson and Mia Nash and Defendant The Huntington National Bank (collectively, the "Parties"), by and through their attorneys of record, that the following protective order pertaining to certain confidential information is approved as to form and content, and may be entered as an Order of the Court.

  WHEREAS, the Parties to this Stipulated Protective Order are involved in the above-captioned litigation (the "Action") requiring them to identify and disclose certain documents and other tangible items and information;

  WHEREAS the Parties believe that certain documents produced and certain testimony at hearings and deposition which a party or a non-party may provide in response to discovery in the Action, may require disclosure of confidential business and financial information, proprietary



1  information of the Parties and of non-parties, or non-public information within the contemplation of
2  Rule 26(c) of the Federal Rules of Civil Procedure; and
3        WHEREAS The Huntington National Bank believes that a private agreement between the
4  parties would be insufficient as it may not protect third-party information nor would it prevent
5  disclosure by third-party witnesses who may be shown such documents during the course of
6  discovery in this case. *See* L.R. 141.1(c)(3).
7        WHEREAS the Parties believe it is in the interests of the Parties to avoid motion practice in
8  discovery and to produce certain information and documents under a protective order pursuant to
9  Rule 26(c) of the Federal Rules of Civil Procedure.
10       THE PARTIES THEREFORE STIPULATE AND AGREE to the following provisions and
11 move the Court for entry of this Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:
12     1.    In this Protective Order, the words set forth below shall have the following meanings:
13         a)    "Confidential Materials" means any Documents, Testimony or Information
14 designated as "Confidential" pursuant to this Protective Order.
15         b)    "Document" shall have the same meaning as provided in Rule 34(a)(1)(A) of
16 the Federal Rules of Civil Procedure.
17         c)    "Information" means the content of Documents or Testimony.
18         d)    "Producing Party" or "Producing Parties" means any Party and any non-party
19 that has produced Documents pursuant to any Federal Rule of Civil Procedure, including without
20 limitation, document requests, subpoena or similar process.
21     2.    The Parties agree that discovery in the Action is likely to require disclosure, by the
22 Parties and possibly by non-parties, of Confidential Materials. The Parties agree that public
23 disclosure of such documents and information may cause unnecessary harm, and that good cause
24 exists for this protective order pursuant to Fed. R. Civ. P. 26(c).
25     3.    Confidential Material may be designated as Confidential if it contains or reflects
26 confidential, proprietary, trade secret, financial information, personal and/or private information, or
27 other information which the Producing Party believes in good faith it is entitled to maintain in



confidence, and which is not in the public domain. Each deposition or hearing transcript page, each interrogatory answer, each document, and each premises or thing which is designated by any Producing Party as containing or disclosing Confidential Material shall be identified by the designating Producing Party, on the first or cover page of each document and each page which contains the Confidential Material the label "CONFIDENTIAL."

4. All "Confidential" Documents, along with the information contained in the Documents, shall not be used for any purpose whatsoever other than the prosecution or defense of this Action and any appeal thereof. Any other use is prohibited except by consent of the Producing Party or by order of the Court. Notwithstanding the above, a Producing Party is free to do whatever it desires with its own "Confidential" information.

5. Producing Parties will use good faith in limiting the use of the "Confidential" designation to such Confidential Material as they reasonably believe constitutes or discloses Information reasonably calling for that designation. A Producing Party that produces or discloses its own Confidential Information is not precluded by this Order from disclosing or using such Information in any manner for any purpose.

6. Access to Confidential Materials shall be limited to the following: (a) a party to this Action; (b) counsel of record for the parties in this Action and persons regularly employed in the offices of such counsel; (c) the Court and its staff, including court personnel such as court reporters; (d) outside copy services, solely for purposes of making paper or electronic copies for use in the Action; (e) deposition and hearing and trial witnesses in connection with their individual testimony; (f) persons already in possession of the Confidential Materials through legitimate and lawful means; (g) persons shown on the face of the document to have authored or received it; and (h) experts and consultants retained for purposes of the Action provided that the experts and consultants shall first sign an acknowledgement stating that they have read the terms of this stipulated protective order and agree to abide by them. Confidential Materials may be disclosed to a witness only in a deposition or hearing or trial at which the Party who designated the Confidential Material is represented or has been given notice that Confidential Material may be used. The attorney of record disclosing the

1  Confidential Materials to the witness must first provide the witness with a copy of this Protective
2  Order and advise the witness that the Confidential Material may not be disclosed by that witness to
3  any person except in the course of the witness's testimony in this Action. Witnesses shown
4  Confidential Materials shall not be allowed to retain copies.

5        7.    Confidential Materials will be designated in the manner specified herein when an
6  answer to an interrogatory or an answer to a request to admit is served, when a document is produced,
7  filed or served or when an inspection of premises or things is allowed.  Documents produced by any
8  Producing Party for inspection and copying need not be so marked at the time of such production,
9  but any copies of documents thereafter delivered to the opposing party shall be so marked at the time
10 of delivery. With respect to deposition and hearing transcripts, a designating Producing Party will
11 advise the opposing parties that an entire transcript is to be maintained as Confidential or that specific
12 pages of a transcript are to be so designated, within fourteen (14) days after the receipt of the
13 transcript. During this fourteen (14) day period, the entire transcript will be deemed to contain
14 Confidential Information and remain confidential during that time period, but only if the Producing
15 Party has so designated on the record.

16       8.    In addition to Confidential Materials and in response to Plaintiffs' demand for
17 discovery, HNB intends to produce a native Excel spreadsheet titled HNB00678 - ATTORNEY
18 EYES ONLY - LSC - Experian Restriction File Text 11-30-2020 w RestrictBAZ2.xlsx. This
19 spreadsheet contains personal financial information of TCF customers who are not party to this case.
20 The parties agree that this personal information related to third-parties is extremely sensitive, the
21 disclosure of which would create a substantial risk of serious harm that could not be avoided by less
22 restrictive means. This native file shall be designated as ATTORNEY EYES ONLY. Unless
23 otherwise ordered by the Court or permitted in writing by HNB, this spreadsheet may only be
24 disclosed to: (1) counsel for Plaintiffs; (2) designated experts who agree in writing to abide by this
25 Paragraph, and (3) the court and its personnel. The native file will be subject to all other terms of
26 this Stipulation for Protective Order. HNB will also disclose a redacted version of this file that only

27



includes information related to Plaintiffs. The redacted version of the file shall be designated as CONFIDENTIAL.

9. Inadvertent failure to designate Documents or Information as Confidential Materials shall not be deemed a waiver of confidentiality with regard to the specific Documents or Information not designated, or with regard to other Documents or Information. Any such inadvertent failure to designate may be cured by providing notice, within a reasonable period of time after the failure to designate is discovered, that the previously-produced Documents or Information are designated as Confidential Materials. The receiving party shall then treat the Confidential Materials in accordance with the provisions of this Protective Order.

10. Any party that attaches, quotes from or refers to Confidential Materials in a document filed with this Court must request to seal all Confidential Materials in accordance with L.R. 141(b).

11. A party intending to use the Confidential Materials of a Producing Party during oral argument or witness examination in open court prior to a trial shall notify the Producing Party, and the Parties shall attempt to agree upon a suitable procedure for determining how such Confidential Material can be used in open court, which procedure shall minimize inconvenience to the Court without compromising the confidential nature of the information. If the Parties cannot reach agreement, the Party desiring to use confidential information may request a conference with the Court to determine how such information can be used in open court. Use of Confidential Materials during trial will be determined by the Court in accordance with L.R. 141.1(b)(2).

12. Any access, possession, use, testing, inspection, study or copying by a Party of any Confidential Material will not constitute a concession that the Confidential Material is in fact Confidential.

13. If any Party objects to the designation of any item or document as Confidential, such Party shall, within thirty (30) calendar days of receiving the Confidential Material, state the objection and basis therefore by letter to counsel for the Producing Party, setting forth the reasons that the Party believes the material should not be treated as Confidential. The Producing Party shall respond, in writing, within fourteen (14) calendar days, setting forth the reason(s) that Party believes the

material should be treated as Confidential Material. If the objection cannot be resolved by agreement of counsel, the objecting Party may move the Court for an appropriate order regarding such designation. The burden of proof regarding the confidential nature of the Confidential Materials shall remain with the Producing Party. Until an objection to the designation of a document has been resolved by agreement of counsel or by order of the Court, the Confidential Materials shall be treated as Confidential Materials and remain subject to this Protective Order.

14. This Protective Order will not prevent any Party from applying to the Court for relief from or modification of any of its provisions at any time.

15. In the event that any other parties are added or substituted into this case, this Protective Order will be binding on and inure to the benefit of such new parties, subject to the right of such new parties to apply to the Court for relief from or modification of any of its provisions.

16. Neither the provisions of this Protective Order, nor any disclosure of Confidential Material in accordance with the terms of this Protective Order, shall operate as a waiver at any time, in any other litigation, of the attorney client privilege, work product or any other applicable privilege that any party may possess.

17. Nothing herein shall be deemed to limit any Party's rights to discovery in connection with this action, or restrict the prosecution, defense or settlement of the Action.

DATED this 1st day of July, 2022

DATED this 1st day of July, 2022

DICKINSON WRIGHT PLLC

  /s/ Frank Bloksberg  (as authorized on 7/1/22)
FRANK BLOKSBERG, (SBN 150809)
578 Sutton Way, # 377
Grass Valley, CA 95945
Tel: (530) 478-0170
Email: frank@bloksberglaw.com

*Attorney for Kevin Thompson and Mia Nash*

 /s/ *Justin J. Bustos*
JOHN P. DESMOND (SBN 176430)
JUSTIN J. BUSTOS (*pro hac vice*)
100 West Liberty Street, Suite 940
Reno, NV 89501
Tel: (775) 343-7503
Fax: (844) 670-6009
E-mail: jdesmond@dickinsonwright.com
E-mail: jbustos@dickinsonwright.com

*Attorneys for Defendant The Huntington National Bank*



STIPULATION FOR PROTECTIVE ORDER

**ORDER**

The court has reviewed the parties' stipulated protective order. (See ECF No. 18). The stipulation comports with the relevant authorities and the court's applicable local rule. See L.R. 141.1. The court APPROVES the protective order, subject to the following clarification. The Local Rules state that once an action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f). Courts in the district generally do not agree to retain jurisdiction for disputes concerning protective orders after closure of the case. See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017). Thus, the court will not retain jurisdiction over this protective order once the case is closed.

Dated: July 7, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

thom.257

